UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILIP M. WASSER,
                         Plaintiff,

                         **MEMORANDUM & ORDER**

    - against -

                         08 CV 2839 (RJD) (LB)

SGT. BATTISTA, and FT. WADSWORTH ARMY
BASE PARK POLICE AT STATED ISLAND,

                         Defendants.
------------------------------------------------------------X

DEARIE, Chief Judge.

      Plaintiff Philip Wasser brings this pro se action against U.S. Park Police Sergeant Steven Battista and the Ft. Wadsworth Army Base Park Police at Staten Island, alleging generally that Sergeant Battista illegally stopped plaintiff's vehicle and used excessive force during his arrest. Defendants move to dismiss, or, in the alternative, for summary judgment. The Court liberally construes plaintiff's complaint as alleging constitutional violations for excessive force and false arrest, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), in addition to tort claims. For the reasons stated below, defendants' motion for summary judgment is granted with regard to plaintiff's <u>Bivens</u> claims. His remaining claims are dismissed for lack of subject matter jurisdiction.

      Defendants served plaintiff with this motion on October 10, 2008. Pursuant to Local Rules 12.1 and 56.2, defendants provided plaintiff the required notice to pro se litigants explaining their obligation to respond to the motion, as well as to submit affidavits, documents, or other evidence to support their allegations. Plaintiff's cursory response included none of the above, and instead simply stated that defendant Battista was "lieing (sic) from is tooth." Pl. Opp.

1. In his opposition, plaintiff also requested a different judge and a lie detector test. Id.

At plaintiff's request, Magistrate Judge Bloom scheduled a conference for July 6, 2009. Plaintiff failed to appear, even after Magistrate Judge Bloom and defendants' counsel waited over forty minutes. Despite plaintiff's repeated failures to participate in the litigation he commenced, Magistrate Judge Bloom issued an order affording plaintiff another opportunity to respond in writing to defendant's motion. Magistrate Judge Bloom set a deadline of July 28, 2009 for plaintiff's written opposition to the instant motion. Plaintiff has failed to provide that opposition, or otherwise respond to the Court's orders.

## BACKGROUND

Plaintiff's allegations stem from the incidents surrounding his April 9, 2008 arrest for reckless driving on Staten Island. At approximately 11:30 am, Sgt. Battista spotted plaintiff's car speeding southbound on Father Capodanno Boulevard. Defs.' Rule 56.1 Statement ¶¶ 12-16. Plaintiff claims that he was traveling at a rate of 60 miles per hour in order to return home and take medication for his stomach cancer. Compl. 9. Sgt. Battista began a vehicle pace and contends that plaintiff was driving at a speed of 80 miles per hour. Defs.' R. 56.1 Stmt. ¶ 16. Battista then turned on his siren and overhead beacon, which plaintiff saw, but initially refused to heed. Id. ¶ 17; Compl. 3. Plaintiff eventually applied his brakes and came to a stop. Defs.' R. 56.1 Stmt. ¶ 19; Compl. 9.

Plaintiff started moving again, at which point the two men engaged in a heated verbal exchange while driving next to each other. Defs.' R. 56.1 Stmt. ¶ 20; Compl. 3, 9. Plaintiff admits that he used the "F word" (Compl. at 3), while Sgt. Battista claims that plaintiff also

stated, "get me the real cops," and "I am with the DA's office." Defs.' R. 56.1 Stmt. ¶ 20. Battista further contends that plaintiff reached under his seat and repeatedly declared, "I have something for you." Defs.' R. 56.1 Stmt. ¶ 21. At that point, Sgt. Battista pulled his firearm and pointed it at plaintiff. Id. ¶ 22; Compl. 3, 9. After plaintiff's hands disappeared twice more under the driver's seat, Sgt. Battista saw plaintiff holding a wallet, and then a mobile phone. Id. ¶ 22-23. Upon seeing the phone, Battista holstered his sidearm. Id. ¶ 23.

Both cars eventually stopped in the median, and plaintiff alleges that Sgt. Battista unsuccessfully tried to open plaintiff's car door. Compl. 3. While in his car, plaintiff called 911, and Sgt. Battista states that he heard him yelling into his mobile phone that he had encountered a man with a gun. Compl. 3, 9; Defs.' R. 56.1 Stmt. ¶ 25-26. When both men exited their vehicles, Sgt. Battista claims that plaintff aggressively approached him, acting wildly and disobeying all of Sgt. Battista's orders. Id. ¶ 26. Battista called for backup. Id. Unable to restrain plaintiff, Sgt. Battista began to hit plaintiff with his collapsible asp on the thighs between his waist and knees. Id. ¶ 27. Plaintiff alleges that Battista pulled his gun, and used his "stick" to strike plaintiff in the hands, legs, and stomach. Compl. 9. Plaintiff further alleges that Battista hit him again in his ribs, legs, and chest. Compl. 3.

While the timing of their appearance is in dispute, two New York Police Department (N.Y.P.D.) officers eventually arrived. Compl. 3; Defs.' R. 56.1 Stmt. ¶ 26. All three officers assisted each other in subduing, handcuffing, and arresting plaintiff, who continued to resist. Id. ¶ 31-33. Plaintiff alleges that the officers "hit and pull me down." Compl. 8. Following the arrest, Sgt. Battista found a 12 to 15-inch "samurai sword" under the front seat of plaintiff's car. Defs.' R. 56.1 Stmt. ¶ 34; Battista Decl., Ex. F.

3

Plaintiff generally alleges "damage to my body" (Pl. Opp. 6), and, specifically, injury to his chest, legs, and ribs. Compl. 3. Medical evaluations attached to plaintiff's complaint, which describe examinations of his arms and ribs, both report "[n]o evidence of acute injury." Compl. 13, 15.

Plaintiff pled guilty to reckless driving in connection with these events. Defs.' R. 56.1 Stmt. ¶ 34; Battista Decl., Ex. G.

## I. Summary Judgment Standard

Summary judgment "is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." Sledge v. Kooi, 556 F.3d 137, 140 (2d Cir. 2009). When considering a motion for summary judgment against a pro se plaintiff, the Court "must ensure that the litigant is given notice as to the nature of a motion for summary judgment and as to his obligations to respond to such a motion." Kepner v. Coleman, 2000 U.S. App. LEXIS 4642 (2d Cir.). The Court "need not advise a pro se litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice . . . ." McPherson v. Coombe, 174 F.3d 276, 281 (2d Cir. 1999).

## II. Bivens Claims

The Court construes plaintiff's complaint as primarily alleging constitutional violations for false arrest and excessive force against Sgt. Battista, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Because Bivens actions

4

"do not lie against federal agencies or against federal employees sued in their official capacities," plaintiffs' constitutional claims against the U.S. Park Police are dismissed for lack of subject matter jurisdiction. Caraveo v. United States EEOC, 96 Fed. Appx. 738, 740 (2d Cir. 2004).

A.  **Excessive Force**

Plaintiff's excessive force claims are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (U.S. 1989) ([A]ll claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard . . . ."). Under the Fourth Amendment, "law enforcement officers may use only such force as is objectively reasonable under the circumstances." O'Bert v. Vargo, 331 F.3d 29, 36 (2d Cir. 2003). "This standard evaluates the reasonableness of the force used by considering the totality of the circumstances faced by the officer on the scene." Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995).

Defendant Battista asserts qualified immunity as a defense to plaintiff's constitutional claims. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S. Ct. 808, 815 (U.S. 2009), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The Supreme Court has "made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (internal citations and quotation marks omitted).

5

"In Fourth Amendment unreasonable force cases . . . the qualified immunity inquiry is the same as the inquiry made on the merits." Public Adminstrator v. City of New York, 2009 U.S. Dist. LEXIS 18350 (S.D.N.Y. Feb. 24, 2009). Moreover, the "Second Circuit has stated that in excessive force cases the qualified immunity and Fourth Amendment analyses often converge on one question: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed would be lawful . . . . Accordingly, the answer to either the qualified immunity or the Fourth Amendment question often resolves the other." Id., quoting Cowan v. Breen, 352 F.3d 756, 764 n.7 (2d Cir. 2003) (internal citations and quotation marks omitted).

There are no material issues of fact in dispute in this case, and no reasonable jury could conclude that Sgt. Battista's actions were unreasonable. Apart from his conclusory allegations of Battista's dishonesty, plaintiff does not specifically challenge Battista's account of the events surrounding plaintiff's arrest. "A pro se party's bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Iron Workers Dist. Council of W. N.Y. & Vicinity Annuity & Pension Funds v. D.C. Scott, Inc., 474 F. Supp. 2d 467, 472 (W.D.N.Y. 2007) (internal citations and quotation marks omitted).

Indeed, the evidence shows that plaintiff's actions prior and during his arrest were erratic, aggressive, and dangerous. Plaintiff, by his own admission, saw the lights on Battista's squad car, and initially failed to heed Battista's order to pull over. Furthermore, it is undisputed that after Sgt. Battista pulled even with plaintiff's car, plaintiff's hands disappeared multiple times under his seat – movements that are particularly threatening in light of plaintiff's refusal to bring his car to a stop. The later discovery of a small samurai sword beneath plaintiff's front seat lends

6

even greater credibility to Battista's account of plaintiff's bizarre behavior.

More significantly, plaintiff fails to deny that he physically resisted arrest, both during Battista's initial attempts at subduing plaintiff, as well as after the arrival of the NYPD. In light of that physical and potentially dangerous resistance, Battista's use of the collapsible apse in plaintiff's arrest appears eminently reasonable. Accordingly, defendant Battista is entitled to qualified immunity, and summary judgment, as to his excessive force claims.[1]

**B.  False Arrest**

To the extent the Court construes plaintiff's complaint as alleging false arrest, those allegations also fail. In order to establish false arrest, a plaintiff must establish that an officer "intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). There can be no recovery for false arrest if probable cause for the arrest exists. Finigan v. Marshall, 2009 U.S. App. LEXIS 16680 (2d Cir. July 28, 2009). Probable cause "exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007).

Probable cause clearly exists in this case, and plaintiff has not argued otherwise. While defendant Battista claims that plaintiff was driving at 80 miles per hour at the time of the

---

[1] The Court also notes that plaintiff's injuries appear to be de minimis. Both medical reports attached to his complaint indicate that he suffered no acute injuries as a result of the incident, and the evidence submitted would suggest that, at worst, he suffered a chest contusion. While some courts have precluded recovery in excessive force cases upon finding such injuries to be de minimus, see, e.g., Bove v. New York City, 1999 U.S. Dist. LEXIS 12112, 22-23 (S.D.N.Y. 1999), the Court need not reach that question in this case.

7

incident, plaintiff himself concedes in his complaint that he was going at least 60 miles per hour – already above the speed limit. Furthermore, plaintiff admits in his complaint that "I seen a car with beacon but I did not stop." Compl. 3. More significant, however, is the fact that plaintiff pled guilty to reckless driving in connection with the events at issue here. Battista Dec., Ex. G. A "valid, voluntary plea of guilty to a criminal charge . . . preclude[s] a later action, based on that charge, for false arrest." Unger v. Cohen, 718 F. Supp. 185, 187 (S.D.N.Y. 1989).

Because probable cause existed for plaintiff's arrest – a fact confirmed by plaintiff's guilty plea for reckless driving – summary judgment is entered for defendant Battista to the extent that plaintiff's complaint alleges false arrest.

### III. Federal Tort Claims Act

The Court also construes plaintiff's complaint as stating a claim under the Federal Tort Claims Act ("FTCA"). As an initial matter, the Court does not have subject matter jurisdiction under the FTCA to entertain tort claims against individual federal agencies. 28 U.S.C. § 2679(a). Plaintiff's FTCA claims against the U.S. Park Police based at Ft. Wadsworth Army Base Park are therefore dismissed. Defendants have certified that Sgt. Batista was acting within the scope of his employment with the U.S. Park Police at the time of incidents alleged in the complaint, pursuant to 28 U.S.C. § 2679(d), and the United States is thus substituted for Sgt. Battista as a party for purposes of plaintiff's FTCA claim.

"Before a claimant may initiate an action against the United States, the FTCA requires that 'the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied.'" Celestine v. Mount Vernon Neighborhood Health Ctr.,

289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003), citing 28 U.S.C. § 2675(a). This exhaustion requirement is "jurisdictional and cannot be waived." Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

Plaintiff has not filed any complaint or grievance with the U.S. Park Police. Decl. of Anthony Conte ¶ 3. Plaintiff's claims, to the extent they arise under the FTCA, are therefore dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is granted with regard to plaintiff's Bivens claims. Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
August 27, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge